ORANGE COUNTY.—HON. R. C. COLEMAN, SURRO-
GATE.—June, 1887.

## MATTER OF ELSTON.

*In the matter of the application for revocation of pro-
bate of the will of* JOSEPH D. ELSTON, *deceased.*

One employed and acting as the legal adviser of a testator, who becomes
a subscribing witness to the latter's will, is competent, under Code
Civ. Pro., § 835, to testify to facts appertaining to the question of due
execution.

DECEDENT died in December, 1885, leaving a will
dated November 3d, 1882, which was admitted to
probate by the Surrogate of Orange county June 1st,
1886. This proceeding was to obtain a revocation of
such probate on the petition of Amelia L. Quick, a
niece. The application was resisted by the executor,
John R. Haulstead, and Eliza Elston, executrix, who
was also the widow and sole legatee of decedent.

Upon the hearing, Wilcox one of the subscribing
witnesses, in substance testified that he did not see
the testator sign his name to the paper, that the tes-
tator did not declare it to be his will to him, and that
the testator did not request him to sign as a witness.
He, however, said he was present in the room at the
time, saw the will, signed his name at the request of
the other witness, and saw the testator sitting at the
table at which the will was signed. The other wit-
ness, Hulse, was the lawyer who prepared the will,
and was at the time employed and acting as the

attorney of the testator.  He was permitted by the Surrogate, subject to objection under Code Civ. Pro., § 835, to testify to the facts incident to the execution of the will, but not as to other matters.  He testified to a full and proper compliance with the statute.

H. D. WILCOX *and* E. P. HART, *for petitioner.*

T. S. HULSE, H. A. WADSWORTH, *and* W. VANAMEE, *for executors.*

THE SURROGATE.—The only objection to the probate, which is seriously urged, is that the testimony of the witness, Wilcox, shows a failure to comply with the statutory requirements as to the manner of execution of wills.  Standing alone, this would be so, but a full compliance is testified to by the witness, Hulse, and the attestation clause, signed by Wilcox, shows the same.  The witness, Wilcox, is an old man, apparently somewhat deaf and stupid, and evidently, very forgetful.  I am satisfied from the evidence and by his manner, that Wilcox has forgotten many of the facts connected with the execution of the will, and that the will was executed in conformity with all the statutory requirements.  It has been held frequently by the courts that mere failure of memory of a subscribing witness, will not defeat the probate of the will.

It is claimed, however, on behalf of the petitioner, that the evidence of the witness, Hulse, should be disregarded, because it should have been excluded upon the trial under § 835 of the Code of Civil Procedure.  Although, at that time, Hulse was an attorney, and was employed and acting as the legal adviser of the testator, nevertheless, when the testa-

tor requested him to become a subscribing witness to the will, he was thereby placed by the testator in another relation to himself than that of attorney and client, and another duty was imposed upon him, the very nature of which necessitated publicity. The duty imposed upon him, as a subscribing witness, was outside of and disconnected from any duty growing out of the other relation of attorney and client, and concerning which he was not only at liberty to testify, but in duty bound to do. The courts have even gone further and held that communications to an attorney, employed to prepare a will, with reference to the will and its trusts, are not privileged (Matter of Austin, 42 *Hun*, 516).

A decree will be made, denying the application to revoke the probate.